ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 12 2025

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

UNITED STATES OF AMERICA

v.

ALENYS ORTIZ,
JOSE RODRIGUEZ-TINEO, AND
JOSE TORRES-TINEO

Criminal Indictment

No. 1 : 25 C R - 0 4 9 7

THE GRAND JURY CHARGES THAT:

## Count One
### (Smuggling Goods From the United States – 18 U.S.C. § 554)

Between April 4, 2021 and February 19, 2022, in the Northern District of Georgia and elsewhere, the defendants, ALENYS ORTIZ, JOSE RODRIGUEZ-TINEO, AND JOSE TORRES-TINEO, aided and abetted by others known and unknown to the Grand Jury, did knowingly receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of any merchandise, article, and object, that is, a semi-automatic firearm equal to no more than .50 caliber, prior to exportation, knowing the same to be intended for exportation contrary to the any law and regulation of the United States, to wit, Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 774 and 738; all in violation of Title 18, United States Code, Section 554(a) and Section 2.

## Count Two
### (Unlawful Export of Firearms – 18 U.S.C. § 554)

Between April 4, 2021 and February 19, 2022, in the Northern District of Georgia and elsewhere, the defendants, ALENYS ORTIZ, JOSE RODRIGUEZ-TINEO, AND JOSE TORRES-TINEO, aided and abetted by others known and unknown to the

Grand Jury, did fraudulently and knowingly export and send, merchandise, articles, and objects, that is, firearms and ammunition, from the United States to the Dominican Republic, contrary to the laws and regulations of the United States, in that the Defendant failed to declare the firearms and ammunition to a common carrier, in violation of Title 18, United States Code, Section 922(e); all in violation of Title 18, United States Code, Section 554, and Section 2.

## Count 3
### (Failure to Notify Common Carrier of Firearms – 18 U.S.C. § 922(e))

Between April 4, 2021 and February 19, 2022, in the Northern District of Georgia and elsewhere, the defendants, ALENYS ORTIZ, JOSE RODRIGUEZ-TINEO, AND JOSE TORRES-TINEO, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully deliver and cause to be delivered to a common carrier, for transportation and shipment in interstate and foreign commerce to persons other than a licensed importer, manufacturer, dealer, and collector, a container in which there were firearms and ammunition, that is, the defendants delivered to EDI Cargo, LLC, a package that contained firearms and ammunition without giving written notice to EDI Cargo, LLC, that the firearms and ammunition were being transported and shipped, in violation of Title 18, United States Code, Sections 922(e).

## Count Four
### (False Statements to a Federal Firearms Licensee 18 U.S.C. § 922(a)(6))

On or about July 9, 2021 in the Northern District of Georgia, defendants ALENY ORTIZ AND JOSE RODRIGUEZ-TINEO, aided and abetted by each other, in connection with the acquisition of at least one of the following firearms:

| Firearm | Manufacturer |
|---|---|
| one semiautomatic pistol | Glock |
| one rifle | Palmetto State Armory |
| one rifle | Smith and Wesson |

did knowingly make a false and fictitious written statement to Mainstreet Guns & Range, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, which statement was intended and likely to deceive Mainstreet Guns & Range as to a fact material to the lawfulness of the sale of the aforementioned firearm(s), in that defendant ALENY ORTIZ falsely represented that she was the actual buyer of the firearm(s), when, in fact, as she then and there well knew, defendant ALENYS ORTIZ was not the actual buyer of the firearm(s), all in violation of Title 18, United States Code, Section 922(a)(6), and Section 2.

## Count Five

### (False Statements to a Federal Firearms Licensee 18 U.S.C. § 922(a)(6))

On or about September 13, 2021, in the Northern District of Georgia, defendants JOSE TORRES-TINEO and JOSE RODRIGUEZ-TINEO, aided and abetted by each other, in connection with the acquisition of a Charles Daly 9mm pistol, did knowingly make a false and fictitious written statement to Mainstreet Guns & Range, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, which statement was intended and likely to deceive Mainstreet Guns & Range as to a fact material to the lawfulness of the sale of the aforementioned firearm(s), in that defendant JOSE TORRES-TINO falsely

represented that he was the actual buyer of the firearm(s), when, in fact, as he then and there well knew, defendant JOSE TORRES-TINO was not the actual buyer of the firearm(s), all in violation of Title 18, United States Code, Section 922(a)(6), and Section 2.

## Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One through Two of this Indictment, the defendants, ALENYS ORTIZ, JOSE RODRIGUEZ-TINEO, and JOSE TORRES-TINEO, shall forfeit to the United States of America, pursuant to Title 18, United States code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Two of this Indictment.

Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendants ALENYS ORTIZ, JOSE RODRIGUEZ-TINO, and JOSE TORRES-TINO, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms and ammunition used or involved in the commission of the offenses.

If, as a result of any act or omission of a defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _____ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

*Noah R. Schechtman*

NOAH R. SCHECHTMAN
*Assistant United States Attorney*
Georgia Bar No. 937828

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181